IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON TERNING,

    *Petitioner,*

vs.

    Case No. 20-3249-EFM

SHANNON MEYER,

    *Respondent.*

**MEMORANDUM AND ORDER**

    In 2008, Petitioner Aaron Terning pleaded no contest to charges of aggravated kidnapping and rape. He was sentenced to 330 months' imprisonment with 36 months of post-release supervision. In 2018, Terning's 36-month post-release supervision was modified to a term of lifetime post-release supervision. He is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas.

    Before the Court is Terning's Petition for Writ of Habeas Corpus (Doc. 1). Terning seeks relief on the basis that he was not informed of the possibility of lifetime post-release supervision as part of his sentence, and he contends that the district court improperly refused his request to withdraw his plea. Having reviewed the record, and for the reasons discussed below, the Court denies Terning's petition.

## I. Factual and Procedural Background

In July 2007, Terning and Stephen Greger abducted a 14-year-old girl from her home. They took the girl to a shed at Greger's house, shackled her to a table, and repeatedly raped her. The next morning, they took her to the woods and chained her up between two trees. The girl managed to escape and identified Terning and Greger as the perpetrators.

The State initially charged Terning with aggravated kidnapping, two counts of rape, and aggravated sodomy. The State later amended the complaint to include only aggravated kidnapping and rape but also filed a motion for an upward durational departure based on the brutality of the conduct and the victim's age.

Terning entered into a plea agreement on the morning of trial, September 22, 2008. He would plead no contest to the charges, and the State would withdraw its upward-departure motion. The State reserved the right to seek any authorized sentence, and Terning reserved the right to seek a downward departure.

At the plea hearing, the district court informed Terning that the aggravated kidnapping and rape charges each carried a possible punishment of 147 to 653 months in prison, depending on his criminal history score. The district court did not discuss any term of post-release supervision. Terning stated that he understood the possible punishment and that he entered the plea freely and voluntarily. When Terning entered the plea, he was 37 years old. The court accepted the plea.

At sentencing on November 12, 2008, the district court denied Terning's request for a downward departure. The court again gave the possible imprisonment range as 147 to 653 months for each charge. Although Terning had no previous criminal record and thus had a criminal history of I, the district court found that the severity of the crimes necessitated an aggravated sentence under the sentencing guidelines. Thus, the district court sentenced Terning to 165 months'

imprisonment for each crime, to be served consecutively. Accordingly, he was sentenced to 330 months in prison. The district court also imposed 36 months of post-release supervision.

Terning filed an appeal, but it was summarily dismissed. Due to procedural delays, the mandate in Terning's direct appeal was not issued until May 2017. In 2015, during the time Terning's direct appeal was pending, the State filed a motion pursuant to K.S.A. § 22-3504 to correct an illegal sentence asserting that the district court improperly designated the aggravated kidnapping charge as the primary one instead of the rape charge. Had the district court designated rape as the primary crime, Terning should have received a lifetime term of post-release supervision instead of 36 months. The State withdrew the motion because Terning's direct appeal was not final.

After the mandate was issued in May 2017, Terning filed a pro se motion similar to the State's previous 2015 motion, asserting that he was illegally sentenced to 36 months of post-release supervision instead of lifetime supervision. After Terning filed his motion, the State also filed a motion stating that the district court should have sentenced Terning to lifetime post-release supervision. The district court appointed counsel to represent Terning.

On October 10, 2017, Terning moved to withdraw his original plea asserting that his plea was not knowingly and voluntarily made because he was not informed of the lifetime post-release supervision period. The district court held a hearing on the pending motions. At the hearing, Terning testified that was never informed of the post-release lifetime supervision and that he only learned of it after his plea and sentencing when the State filed its 2015 motion to correct an illegal sentence. He asserted that he thought his post-release supervision period would be a couple of years.

In May 2018, the district court denied Terning's motion to withdraw his plea and corrected Terning's sentence to impose lifetime post-release supervision. Although the court agreed that Terning was not told about the lifetime supervisory post-release period, the court found that Terning was informed of the possibility of receiving a maximum penalty of 653 months for each charge that could be ordered to be served consecutively. Terning still entered a plea of no contest, and thus the district court determined that the error regarding the term of the post-release supervision did not prejudice Terning.

The Kansas Court of Appeals affirmed the district court's decision, finding that "the district court did not abuse its discretion in concluding Terning failed to establish manifest injustice requiring withdrawal of his plea."[1] The Kansas Supreme Court denied review. Petitioner then filed his petition for habeas relief pursuant to 28 U.S.C. § 2254 in this Court. He claims that his due process rights were violated because he was not informed of the possibility of lifetime pos-release supervision as part of his sentence.

## II.     Legal Standard

The Court's review of Terning's habeas motion is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996.[2] Pursuant to 28 U.S.C. § 2254(d)(1) and (2), a court may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] *State v. Terning*, 57 Kan. App. 2d 791, 460 P.3d 382, 388 (2020).

[2] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citation omitted).

determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]

The United States Supreme Court has held that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases" or if the state court decides a case differently than the Supreme Court has "on a set of materially indistinguishable facts."[4]  A state court decision is based on an unreasonable application of the facts if "the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the particular case."[5]

Additionally, Terning's petition was filed pro se.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[6]  A pro se litigant is entitled to a liberal construction of his pleadings.[7]  It is not the proper role of a district court, however, to "assume the role of advocate for the pro se litigant."[8]

### III.   Exhaustion

Prior to ruling on the merits of a petitioner's claims, courts must first determine if the petitioner exhausted the claims at the state level.  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the

---

[3] *Holland v. Allbaugh*, 824 F.3d 1222, 1227 (10th Cir. 2016) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

[4] *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted).

[5] *Id.* (citation omitted).

[6] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[7] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

conviction or in a postconviction attack."[9]  " 'Fair presentation' means that the petitioner has raised the 'substance' of the federal claim in state court," not that the petitioner cited "book and verse on the federal constitution."[10]

In the instant case, Terning filed an appeal, raising the argument that the district court should have allowed him to withdraw his plea because he was not properly advised of his maximum sentence, the same claim now raised in his federal habeas motion. The Kansas Court of Appeals found that Terning's plea was knowingly made and affirmed the conviction. The Kansas Supreme Court denied review. Terning has therefore exhausted his claim at the state level.

### IV.     Analysis

Terning claims that his due process rights were violated because his plea was not freely and voluntarily made because he was not informed of the possibility of lifetime post-release supervision as part of his sentence.

The Fourteenth Amendment "protects defendants in criminal cases by requiring that any plea be knowingly and voluntarily made."[11]  With a plea of guilty or no contest, the court "must inform the defendant of the direct consequences of his or her plea."[12]  The record must show "that the defendant understands the potential consequences of the plea and nevertheless chooses to plead

---

[9] *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citations omitted); *see also* 28 U.S.C. § 2254(b).

[10] *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citations omitted).

[11] *Terning*, 460 P.3d at 385 (citing *Brady v. United States*, 397 U.S. 742, 755-56 (1970)).

[12] *Id.* (citing *Brady*, 397 U.S. at 755-57).

guilty or no contest."[13]  "[P]ostrelease supervision is a direct consequence of a plea because it is definite, automatic, and immediately follows a period of imprisonment."[14]

In addition, "K.S.A. [§] 22-3210 was enacted to ensure compliance with these elements of due process."[15]  Under § 22-3210(d), the decision to allow the withdrawal of a plea is within the discretion of the court.  After sentencing, the court "may only permit withdrawal '[t]o correct manifest injustice.' "[16]  "Manifest injustice is something 'obviously unfair or shocking to the conscience.' "[17]

The Kansas Court of Appeals noted these principles and found that the district court did not abuse its discretion in disallowing the withdrawal of Terning's plea because it was freely and voluntarily made.[18]  Specifically, the court noted that "the 'failure to advise a criminal defendant of the applicability of a postrelease supervisory period' does not violate due process 'if the sentence assigned to the defendant and any mandatory supervised period following his [] release does not exceed the maximum penalty term the defendant was told at sentencing."[19]  The court then found that

> Terning was advised at his plea hearing that he faced a potential punishment of 147 to 653 months of incarceration on each charge.  Under the sentencing guidelines, the maximum prison term Terning could be sentenced to would be 818 months—or 68 years and 2 months—653 months for rape and 165 months for aggravated

---

[13] *Id.* (citing *State v. Beauclair*, 281 Kan. 230, 130 P.3d 40, 45 (2006)).

[14] *Id*. at 385-86 (citing *State v. Moody*, 282 Kan. 181, 144 P.3d 612, 623 (2006); *State v. Barahona*, 35 Kan. App. 2d 605, 132 P.3d 959, Syl. ¶ 7 (2006)).

[15] *Id*. at 386 (citations omitted).

[16] *Id.* (quoting K.S.A. § 22-3210(d)(2)).

[17] *Id.* (quoting *Barahona*, 132 P.3d at 962).

[18] *Id*. at 386-88.

[19] *Id*. at 386 (quoting *Barahona*, 132 P.3d 959, Syl. ¶ 8).

kidnapping, not including postrelease supervision. [citation omitted] Terning was 37 years old at the time he entered his plea. If he received a sentence for this maximum term, he could be in prison until he was 105 years old. Thus, though the court did not mention postrelease supervision at the plea hearing, he was informed of a combined incarceration term not meaningfully different from life imprisonment and nevertheless decided to plead no contest to the charges. And even if Terning was aware that his criminal history would reduce his sentence under the sentencing guidelines, Terning knew his sentence could (and in fact did) result in a prison term that would last well into his 60's.[20]

Terning "was informed that he was potentially facing a period of incarceration longer than his natural life, regardless of the imposition of any postrelease term" and "nevertheless decided to plead no contest to both charges."[21] Accordingly, the Kansas Court of Appeals determined that although the district court "did not strictly comply with K.S.A. [§] 22-3210 at the plea hearing," Terning's plea was voluntarily made because the court informed him of a potential lifetime sentence.[22] Thus, the court found that the district court did not abuse its discretion in denying Terning's motion to withdraw his plea.

Nothing in the Kansas Court of Appeal's decision is an unreasonable application of the law or the facts. As noted above, Terning was informed that his potential prison sentence could be 653 months of incarceration on each charge. That totals 1,306 months or 108 years. At 37 years of age, Terning would be 145 years old when this sentence would end. In looking at the sentencing guidelines, the maximum penalty Terning could have actually received was 818 months, or 68 years and two months in prison. Again, at 37 years old, had Terning been sentenced to the maximum term, he would have been 105 years old when it ended. Thus, he was informed at the

---

[20] *Id.* at 387.

[21] *Id.* at 388.

[22] *Id.* at 387.

time of his plea of the possibility of spending the rest of his life incarcerated. This potential life imprisonment sentence is equal to the sentence that Terning received, i.e., 330 months' imprisonment, or 27 years and 6 months incarceration, with lifetime post-release supervision. The error of not informing Terning of the possibility of a lifetime post-release supervision period could not have had a significant impact on Terning's decision to plead no contest.[23] Thus, the Kansas Court of Appeals reasonably applied the law to the facts and evidence in the case. Accordingly, Terning does not provide the Court with any basis for relief.

## V.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[24] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[25]

Here, the Court concludes that it should not issue a certificate of appealability. Nothing suggests that the Court's rulings in this case are debatable or incorrect, and no record authority suggests that the Tenth Circuit would resolve this case differently. The Court thus declines to issue a certificate of appealability. In doing so, the Court notes that Terning may not appeal the

---

[23] The Court also notes that Terning's plea agreement provided him two benefits. The first benefit was that Terning could request a downward departure. The second benefit was that the State would withdraw its request for an upward departure. Had Terning proceeded to trial, and been convicted, he could have been subject to an increased sentence.

[24] 28 U.S.C. § 2253(c)(2). The denial of a § 2254 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1)(A).

[25] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

Court's denial of a certificate, but he may seek a certificate of appealability from the Tenth Circuit.[26]

**IT IS THEREFORE ORDERED** Terning's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 23rd day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[26] *See* Rules Governing Section 2254 Cases, Rule 11(a).